**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUNIOR ANTONIO BLAS ROSALES,** | **Civil Action No. 26-3781 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN DELANEY HALL** **DETENTION FACILITY, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Junior Antonio Blas Rosales, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).  Petitioner also moves to stay his removal ("Motion").  (ECF No. 2).

2.      Petitioner is a citizen of Peru who entered the United States without being admitted after inspection on September 7, 2022.  (ECF No. 6 at 1).

3.      He was detained by the Border Patrol but ultimately released on the Alternative to Detention program.  (ECF No. 6-1 at 2).  "According to ICE records, Petitioner has had several compliance issues concerning the Alternative to Detention program, including failures to self-report check-in, and checking in outside the zone."  (ECF No. 6 at 1).

4.      Petitioner was detained by ICE on April 7, 2026.  (*Id.*)  He filed his Petition and Motion on April 10, 2026.  (ECF Nos. 1 & 2).

5.      Respondents filed an answer on April 20, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of

the country without having been lawfully admitted.  As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 6 at 2).

6.      Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases.  (*Id.* at 1 & n.1)

7.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9.      This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1]  *See Patel*, 2025 WL 3012323, at *3-4; *see also Barbosa da Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026) (precedential); *but see Avila v. Bondi*, 170 F.4th

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

10.     The I-213 Form specifically notes that Petitioner is charged with being a noncitizen who is "*present* without admission or parole." (ECF No. 6-1 at 2 (emphasis added)). "That language aligns with § 1226(a), not [§ 1225(b)(2)]." *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

11.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a), which entitles him to an individualized bond hearing.

12.     However, this Court lacks jurisdiction to stay petitioner's removal proceedings. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders … ."

13.     This Court has jurisdiction to consider Petitioner's claims regarding his *detention*, but it cannot stay his removal proceedings. Petitioner must seek that relief from the immigration court or the appropriate court of appeals in a petition for relief. Therefore, the Motion will be denied.

---

[2] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 170 F.4th at 1138-40 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

14.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 29, 2026