**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUNIOR ANTONIO BLAS ROSALES,** | **Civil Action No. 26-3781 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN DELANEY HALL DETENTION FACILITY, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      This Court granted Petitioner Junior Antonio Blas Rosales's petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") on April 29, 2026.  (ECF No. 8).  Respondents were ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.  (*Id.*)

2.      On May 16, 2026, Petitioner filed an "emergency constitutional motion for immediate release" alleging that Respondents continued to violate his due process rights ("Motion").  (ECF No. 9).  He asserted that he was only given one day to prepare for his hearing and could not prepare his arguments or secure legal representation before the bond hearing.  (*Id.* at 1-2).

3.      He asks this Court to order his immediate release as the bond hearing "proceedings failed to satisfy the constitutional principles underlying this Court's prior habeas intervention and failed to provide the meaningful individualized review contemplated by the Due Process Clause."  (*Id.* at 2).

4.      Respondents filed opposition to the Motion, arguing that Petitioner chose not to proceed with his bond hearing.  (ECF No. 10).  According to Respondents, Petitioner was

scheduled for a bond hearing on May 5, 2026 but withdrew his bond hearing request "in order for his attorney to submit evidence for the Court to consider." (*Id.* at 1; ECF No. 10-1 at 1). Respondents assert that Petitioner attempted to file additional evidence in support of his bond request, but the immigration court rejected the documents "for failing to include proof of service." (ECF No. 10 at 2).

5.      Section 1226 and its implementing regulations require Respondents to "provide detainees with a 'prompt bond hearing.'" *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026) (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.* at *4.

6.      However, Petitioner made the decision to withdraw the request for a hearing to permit him to prepare and obtain representation. This is his right, but he cannot skip the administrative process and seek habeas relief in this Court instead. *See Hayes v. Ortiz*, No. 20-cv-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.")

7.      This Court will deny the Motion but reiterates that Petitioner is to be considered detained pursuant to § 1226(a) unless and until there is a final order of removal. As he has not yet had a bond hearing, he remains entitled to request one *without* showing changed circumstances.

8.      Petitioner may apply to this Court for enforcement of its Order if Respondents do not promptly schedule a bond hearing upon the filing of a request that complies with the immigration court's rules and procedures.

9.      An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: May 21, 2026